FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2023 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KASON PARKER, #767221,

                Plaintiff,

      -against-

SUFFOLK COUNTY POLICE DEPARTMENT, *et al.*,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-CV-3969(GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

By Electronic Order dated July 13, 2022, the Court granted the application to proceed *in forma pauperis* ("IFP") filed by *pro se* plaintiff Kason Parker ("Plaintiff") while incarcerated at the Suffolk County Correctional Facility in relation to his complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and stayed this case pending conclusion of the related underlying state court criminal proceedings. *See* Elec. Order, Brown, D.J., dated July 13, 2022. Plaintiff was "directed to move to reopen this matter within 14 days of the conclusion of the underlying criminal proceeding, if warranted at that time." *Id.* On March 6, 2023, Plaintiff filed an amended complaint (Docket Entry "DE" 19) and, on June 26, 2023 and June 30, 2023, Plaintiff filed letter motions advising that the state criminal case has concluded and requesting that this case be reopened. *See* DE 29 and 31.[1] Given the conclusion of the state criminal proceeding,[2] Plaintiff's motions to reopen are granted. However, for the reasons that follow,

---

[1] Plaintiff also wrote to the Clerk of the Court on May 31, 2023 and June 6, 2023 seeking to reopen the case (DE 25, 27) and, at the direction of chambers, Plaintiff was instructed to file a motion to reopen before the undersigned. *See* DE 26. Plaintiff has done so. *See* DE 29, 31.

[2] According to the information maintained by the New York State Unified Court System on its public website, Plaintiff pled guilty on May 1, 2023 under Indictment No. 70618-21 in Suffolk County Court – Criminal Term to one count of intentional murder, N.Y. Penal law § 125.25(1), and was sentenced on May 31, 2023 to an indeterminate imprisonment of 25 years to life. *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=DRdvATqmqNk1TfSMZL h2Fg==&countyId=RGmOR4u7mFEnUqEBkD3k3Q==&docketId=2GU_PLUS_xdlenYhdSTGhcY2PmQ==&doc ketDseq=Aa/FQZmXpQdsZcUMv07NUw==&defendantName=Parker,+Kason+G&court=Suffolk+County+Court+

Plaintiff has not alleged a plausible claim for relief. Accordingly, the amended complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

### I. Summary of the Amended Complaint[3]

Plaintiff's amended complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and is against the Suffolk County Police Department ("SCPD"), Detective James Hughes #1432 ("Det. Hughes"); Detective/Sergeant #654 "Leli" or "John Doe" ("Det. Leli"), the County of Suffolk ("Suffolk County "), and the State of New York (collectively, "Defendants"). *See* DE 19. Plaintiff seeks to challenge the constitutionality of his October 24, 2021 arrest and the search of his vehicle subsequent thereto. *Id.*

More specifically, Plaintiff alleges that he was removed from a charter bus in Manhattan, New York, by Det. Hughes, Det. Leli, and another unidentified Suffolk County Police officer without a warrant and outside of their territorial jurisdiction.[4] *Id.* at 6. Plaintiff claims that the law enforcement officers were "not under the 'fresh/hot pursuit' doctrine" and "basically approached and kidnapped me off the bus." *Id.* Although Plaintiff was wearing "face and head coverings on, making only my eyes visible," Plaintiff complains that the officers selected only him

---

-+Criminal+Term&courtType=S&recordType=C&recordNum=pWhZP6Tmi7/OEt6AkA6KGA==. The Court takes judicial notice of this public record. *Harris v. Nassau County*, No. 13-CV-4728 (NGG) (ST), 2016 WL 3023265, at *3 (E.D.N.Y. May 23, 2016) (collecting cases) (judicial notice may be taken of public records, including "arraignments, arrest reports, criminal complaints and indictments, and certificates of disposition"); *see also Johnson v. Pugh*, No. 11-CV-385 (RRM) (MDG), 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (observing that in Section 1983 actions a court may take judicial notice of a plaintiff's guilty plea, conviction and sentencing in the underlying action).

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[4] According to the amended complaint, the police received information from "crime stoppers tips" that Plaintiff would be boarding a charter bus in Manhattan.

2

and, after removing his face coverings, compared his face to an image on a cell phone, and arrested him. *Id.* Plaintiff alleges that he was removed from the bus, handcuffed, placed in an unmarked car, and read his Miranda rights. *Id.* Plaintiff was then taken from New York City to Yaphank, New York where he was charged with a crime that occurred in Coram, New York on October 23, 2023 at approximately 4:45 p.m. *Id.* at 7.

Plaintiff next complains that his vehicle, located in Dix Hills, New York, was searched on October 25, 2022 by members of the Suffolk County Police Department without a warrant before it was towed. *Id.* at 8-9. Plaintiff contends that the district attorney "falsely stated that my car wasn't searched until a warrant was finally issued on 10/27/21" and that he has pictures that prove otherwise. *Id.* at 9.

As a result of the foregoing, Plaintiff claims to have suffered mental and emotional distress as well as the loss of "family ties", valuables, and "work opportunities from my self-employed LLC business"[5] for which he seeks a monetary award in the sum of $1 million as well as the "dismissal of my indictment and the release of my vehicle." *Id.* at 5, ¶ 3 and 9.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

---

[5] Notably, Plaintiff did not disclose any income from self-employment on his application to proceed *in forma pauperis*. DE 2, ¶ 3

3

## I. *In Forma Pauperis*

Based on the application submitted by Plaintiff on July 1, 2022 (DE 2), the Court determined that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee and granted the application to proceed *in forma pauperis* by Electronic Order dated July 13, 2022. (*See* Elec. Order, dated July 13, 2022, Brown, D.J.)

## II. Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant

4

> "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

### I.  Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.* The Court analyzes Plaintiff's Section 1983 claims below.

#### A.  Favorable Termination Doctrine

To the extent Plaintiff attempts to set forth a claim emanating from the propriety of his conviction, said claim is barred by the "favorable termination doctrine." In *Heck v. Humphrey*, the Supreme Court held

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

5

512 U.S. 477, 486-87 (1994). The Supreme Court applied its holding to a case where petitioner, who was convicted of voluntary manslaughter in Indiana, named as defendants prosecutors and investigators, alleging that respondents, "acting under color of state law, had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest: 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial." *Id.* at 479. The Court held that because the "damages claims challenged the legality of the conviction, [the Supreme Court] find[s] that the dismissal of the action was correct." *Id.* at 490. In *Warren v. Fischl*, the Second Circuit more recently held that, under 28 U.S.C. § 1915(e), dismissal was appropriate under *Heck* because success on plaintiff's claims against Nassau County police officers and prosecutors "'would necessarily invalidate' [plaintiff's] convictions on the counts that had not been reversed or vacated." 674 F. App'x 71, 73 (2d Cir. 2017).

Here, Plaintiff's Section 1983 claims implicate his conviction that has not been reversed or vacated. Indeed, Plaintiff has just recently plead guilty and was sentenced on May 31, 2023. Therefore, these claims are dismissed for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[6]

---

[6] Such dismissal is without prejudice to Plaintiff filing a properly exhausted habeas petition pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

6

### B. False Arrest

A Section 1983 claim for false arrest rests on an individual's Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause, and is substantially the same as a claim for false arrest under New York law. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted); *see also Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) ("Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are "substantially the same" as claims for false arrest or malicious prosecution under state law") (citation omitted). To state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)).

The existence of probable cause to arrest, however, renders the confinement privileged and "is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) (internal quotation marks and citation omitted); *see Drummond v. Castro*, 522 F. Supp. 2d 667, 676 (S.D.N.Y. 2007) ("Regardless of whether the first three prongs are satisfied, the claim for false arrest will fail where defendants establish probable cause existed, as the existence of probable cause is a complete defense to an action for false arrest"). That is to say, "[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). "A conviction of the plaintiff following an arrest is conclusive

evidence of the existence of probable cause for the arrest." *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (citations omitted); *see Gordon v. City of New York*, No. 10-CV-5148 (CBA) (LB), 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (observing "it has been repeatedly held in this circuit that in an action for false arrest, the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested, because the conviction is treated as conclusive evidence of probable cause to arrest") (internal quotation marks and citations omitted); *see also Weyant*, 101 F.3d at 852 (holding that a conviction that is not reversed on appeal is conclusive evidence that arrest was supported by the requisite probable cause).

Likewise, a plaintiff's plea of guilty establishes probable cause and bars a claim for false arrest. *See Roundtree v. City of New York*, 778 F. Supp. 614, 619 (E.D.N.Y. Nov. 20, 1991) (conviction at trial or by plea "conclusively established the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means") (internal quotation marks and citations omitted); *Hope v. City of New York*, No. 08-CV-5022 (BMC), 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested").

Here, Plaintiff's false arrest claim arises from his October 24, 2021 arrest and Plaintiff pled guilty to intentional murder in the second degree in satisfaction of all the criminal charges for which he was arrested.[7] As such, Plaintiff's false arrest claims fail because his guilty plea

---

[7] https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=DRdvATqmqNk1TfSMZL h2Fg==&countyId=RGmOR4u7mFEnUqEBkD3k3Q==&docketId=2GU_PLUS_xdlenYhdSTGhcY2PmQ==&doc ketDseq=Aa/FQZmXpQdsZcUMv07NUw==&defendantName=Parker,+Kason+G&court=Suffolk+County+Court+ -+Criminal+Term&courtType=S&recordType=C&recordNum=pWhZP6Tmi7/OEt6AkA6KGA==

establishes the necessary probable cause for his arrest. Thus, Plaintiff's plea of guilty in satisfaction of the criminal charges for which he was arrested on October 24, 2021 establishes not only existence of "probable cause for the arrest but also the lawfulness of it." *Hope*, 2010 WL 331678, at *3. Accordingly, Plaintiff's false arrest claims are not plausible and are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

**C.    Search and Seizure**

Plaintiff's claim that the Defendants conducted an unlawful search of his vehicle following his arrest in violation of the Fourth Amendment is also unavailing. It is well-settled that a guilty plea waives all non-jurisdictional defects and defenses, including an objection to the constitutionality of the search of his vehicle. *See United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003) ("A defendant who pleads guilty unconditionally admits all elements of the formal charge and . . . waives all challenges to prosecution except those going to the court's jurisdiction."); *United States v. Arango*, 966 F.2d 64, 66 (2d Cir. 1992) (noting that the defendant's guilty plea waived his right to challenge the search of his van under the Fourth Amendment). Thus, Plaintiff's unlawful search and seizure claims against the Defendants relating to his October 24, 2021 arrest are not plausible given his guilty plea. *Hope*, 2010 WL 331678, at *3 ("[s]ince plaintiff's claim for false arrest is dismissed on account of his guilty plea, it follows that his claim for an illegal search of his car under the Fourth Amendment must be dismissed for the same reason"). Accordingly, these claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### D. The Suffolk County Police Department Cannot Be Sued Independently

Moreover, even if Plaintiff had alleged a plausible claim, it is well-established that the SCPD has no independent legal identity apart from the municipality, Suffolk County, and cannot be sued. *See Spagnuolo v. Suffolk County*, No. 12-CV-4327(JS), 2017 WL 4326510, at *2 (E.D.N.Y. Sept. 28, 2017) (citation omitted) (SCPD cannot be sued because it is an "administrative arm," which does "not have a legal identity separate and apart from the municipality"), *aff'd sub nom. Spagnuolo v. Howell*, 814 F. App'x 614 (2d Cir. 2020); *see also Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the Suffolk County Police Department, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued"). Therefore, Plaintiff's claims against the SCPD are implausible and are thus dismissed with prejudice for this additional reason pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b)(1).

### E. Municipal Liability

Similarly, apart from the absence of a plausible constitutional claim in the amended complaint, even if Plaintiff had included such a claim, he has not properly alleged any claim against Suffolk County. Municipal governments, like Suffolk County, may be held liable under Section 1983 "only for unconstitutional or illegal policies, not for the illegal conduct of their employees." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. to state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.") (internal quotation marks and citation omitted). As is readily apparent, Plaintiff's amended complaint is devoid of any such

allegations. Plaintiff has not pled that the allegedly unconstitutional arrest, search, and seizure were the result of a policy or practice of Suffolk County. *See, e.g., Joyner-El v Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom"). Accordingly, Plaintiff's Section 1983 claims against Suffolk County are not plausible for this additional reason and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### F.     The Eleventh Amendment

Finally, Plaintiff's Section 1983 claims against New York State are not plausible because they are barred by the Eleventh Amendment. It is well-established that:

> "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration and quotation marks omitted). "New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983." *Dubarry v. Capra*, No. 21-CV-5487, 2021 WL 3604756, at *1 (S.D.N.Y. Aug. 13, 2021) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977)).

*Murphy v. Spaulding*, No. 20-CV-9013(KMK), 2022 WL 294552, at *4 (S.D.N.Y. Feb. 1, 2022); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Given that New York state has not waived its Eleventh Amendment

11

immunity, Plaintiff's Section 1983 claims against New York State are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Given that Plaintiff has already been afforded an opportunity to amend his complaint - - and did so - - , together with the fact that the deficiencies in his claims are substantive and could not be cured with amendment, leave to further amend the complaint would be futile and is thus denied.

## CONCLUSION

Based on the foregoing, the amended complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Clerk of the Court shall enter judgment and close this case. The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Gary R. Brown

Hon. Gary R. Brown
United States District Judge

Dated: August ~~July~~ 7, 2023
Central Islip, New York

12